# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

JAMES R. BOOTH,
> **Plaintiff,**

v.

> Case No. 17-C-0992

STEVEN HILL,
> **Defendant.**

---

## DECISION AND ORDER

The plaintiff, James Booth, brings this action to recover damages for personal injuries and property damage against Steven Hill. The amended complaint (which is the operative complaint) alleges that the two men were participants in an amateur automobile race at a racetrack in Sheboygan, Wisconsin. Booth alleges that, during the race, Hill intentionally steered his vehicle into Booth's path while Booth was attempting to pass Hill on the left. Hill's vehicle struck Booth's and caused it to crash. Booth sustained a severe concussion, and his vehicle was badly damaged. The amended complaint purports to assert four "claims" against Hill: (1) negligent misconduct, (2) reckless misconduct, (3) intentional misconduct, and (4) battery. Before me now is Hill's motion to dismiss, under Federal Rule of Civil Procedure 12(b)(6), the claim for reckless misconduct and the claim for intentional misconduct. But before I turn to that motion, I must address an issue concerning subject-matter jurisdiction. *See Baez-Sanchez v. Sessions*, 862 F.3d 638, 641 (7th Cir. 2017) (federal courts have an obligation to assure themselves of their own jurisdiction).

The amended complaint alleges that federal jurisdiction exists under 28 U.S.C. § 1332 because the parties are completely diverse and the amount in controversy

exceeds $75,000, exclusive of interest and costs. Booth is a citizen of South Carolina, and Hill is a citizen of Texas. However, the plaintiff purports to join his health insurer, Blue Cross and Blue Shield of Illinois, as an "involuntary plaintiff." He alleges that Blue Cross is a health insurance corporation that has its principal place of business in Illinois. But he does not identify Blue Cross's state of incorporation, which also determines its citizenship for diversity purposes. *See* 28 U.S.C. § 1332(c)(1). Thus, I cannot determine whether Blue Cross is diverse from the other parties. Still, this turns out not to matter, because in federal practice there is no such thing as an involuntary plaintiff, and therefore Blue Cross is not a party to this case at all, and its citizenship may be disregarded. *See Doermer v. Oxford Fin. Grp., Ltd.*, 884 F.3d 643, 646 (7th Cir. 2018) ("joinder of parties is a procedural matter that is governed by federal law in federal courts, and there is nothing in the Federal Rules of Civil Procedure that permits a plaintiff unilaterally to force another party to join his lawsuit as an involuntary plaintiff"). Accordingly, I conclude that jurisdiction is secure.

Hill moves to dismiss Booth's claims for reckless misconduct and intentional misconduct on the ground that these are not recognized causes of action in Wisconsin. However, the allegations concerning reckless and intentional misconduct are not distinct "claims," as that term is understood in federal practice, even though Booth denominates them as such. A "claim" is a grievance, *ACF 2006 Corp. v. Mark C. Ladendorf, Attorney at Law, P.C.*, 826 F.3d 976, 981 (7th Cir. 2016), and here Booth has only one grievance: Hill steered his vehicle into Booth's path, causing personal injuries and property damage, and Booth wants recompense. Booth's four "claims" are really

alternative legal theories for recovering damages in connection with this single grievance.

A plaintiff does not have to include legal theories in his complaint, *id.*, and there is no such thing as a motion to dismiss a legal theory. Hill concedes that Booth's allegations concerning Hill's conduct during the race state a claim for relief. Therefore, there is nothing for me to dismiss.

For the reasons stated, **IT IS ORDERED** that Hill's motion to dismiss (ECF No. 21) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 28th day of June, 2018.


s/Lynn Adelman
LYNN ADELMAN
District Judge